## Job H. Gaskill *vs.* Sine and wife.

Where two lots are mortgaged to secure the same debt, and one of them is subsequently sold and conveyed by the mortgagor, the other lot is primarily liable under the mortgage.

A release subsequently given by the mortgagee to the mortgagor upon the remaining unsold lot, without the assent of the purchaser of the lot sold, will not prejudice the rights of the purchaser.

If the lot released is sufficient to satisfy the entire debt, the mortgagee cannot resort to the lot first sold ; but if sufficient to satisfy only a part of the debt, such first sold lot, in the hands of the purchaser, will be answerable for the deficiency.

Reference ordered to ascertain the amount due on the mortgage and the value of the premises released.

---

*Wilson*, for complainant.

*Merritt*, for defendant.

The Chancellor. The complainant's bill is filed to foreclose a mortgage given by Israel Gaskill to James S. Budd, on the 30th of August, 1849, upon two lots of land. On the 6th of October, 1849, the mortgagor conveyed lot number two to Louisa Sine, the wife of the defendant, by deed with covenant of general warranty. On the 15th of July, 1850, the mortgagee released to the mortgagor lot number one, and on the 5th of August, 1850, assigned the mortgage to the complainant.

Sine and wife, who claim title to the lot number two, insist, by way of defence, that lot number one, having been retained by the mortgagor after the sale of the lot to the defendants, the lot so retained must be first subject to the mortgage debt, and the lot of the defendants can

only be resorted to to make up any deficiency that may exist upon such sale, and that the mortgagee, having released to the mortgagor all right to the lot retained by him after the conveyance to the defendants, has no right to look to the defendants' lot for any part of the mortgage debt, but that the same is released from the encumbrance of the mortgage. The facts which constitute this ground of defence are admitted, and their effect upon the rights of the parties is obvious. The defendants, as the purchasers of one of the lots mortgaged, are entitled to throw the whole encumbrance upon the lot retained by the mortgagor, if that is sufficient to discharge the debt, and the mortgagee can only resort to the defendants' lot to supply the deficiency, if any exist.

A release, subsequently given by the mortgagee to the mortgagor, of the mortgage upon the lot remaining unsold, without the assent of the purchaser of the lot sold, will not prejudice the rights of the purchaser. This was declared by the late Chancellor to be the effect of these admitted facts upon the rights of the parties in this case when the question was before him. The doctrine is a familiar one, and is sustained by numerous authorities. *Mickle* v. *Rambo, Saxton* 501; *Shannon* v. *Marselis, Saxton* 413; *Stevens* v. *Cooper,* 1 *Johns. Ch. R.* 425; *Guion* v. *Knapp,* 6 *Paige* 35; *Patty* v. *Pease,* 8 *Paige* 277.

There is no foundation for the idea, that the subsequent release by the mortgagee of the lot retained by the mortgagor deprived the mortgagee of all remedy against the first lot. It can produce that result only where the lot released is sufficient to satisfy the entire mortgage debt. The release in no wise affects the interest of the purchaser of the lot first sold. He is entitled, in any event, to throw the mortgage on the other lot, so far as it will satisfy the debt. If the lot released is sufficient to satisfy the entire debt, the mortgagee cannot resort to the lot first sold. He must bear the loss. If sufficient to satisfy only a part

2 L*

of the debt, the lot in the hands of the purchaser will be answerable for the deficiency.

A second 'ground of defence presented by the answer is, that the complainant acted as the agent or trustee of the mortgagor in procuring the assignment of the mortgage, and that the consideration paid for the assignment was the money of the mortgagor. No replication having been filed, the answer upon the former hearing was taken as true, and the Chancellor held that the bill, upon this state of the facts, was virtually by the mortgagor himself; that the complainant had no equity, and that the bill must be dismissed. The decree having been opened, a replication filed, and evidence taken upon this part of the defence, the question is now presented, whether this defence is sustained in point of fact. The defence consists of new matter not responsive to the bill, and must be sustained by evidence. No evidence is produced in its support. The fact, that the complainant is a brother of the mortgagor, and that he holds a conveyance of his real estate in trust for him, amounts to nothing. It is shown affirmatively, by the complainant, that the consideration was advanced by himself, and there is no proof that any part of it was received directly or indirectly from the funds of the mortgagor.

The fact, that the conveyance by the mortgagor to the defendant's wife was not made for a valuable consideration, but for natural love and affection, will not affect the rights of the parties. The deed contained a covenant of warranty. It was duly recorded. The assignee of the mortgage took the assignment with full notice of the rights of the defendants.

The objection, that the prayer of the bill is defective, is without foundation. The complainant might have the relief to which he has shown himself entitled under the ordinary prayer of a bill of foreclosure contained in the bill as originally filed. Under a prayer for the sale of the entire mortgaged premises to pay the whole debt, the

complainant may have a decree to sell such portion of the premises to pay such part of the debt as the evidence may warrant. But the prayer to the amended bill has anticipated the defendants' objection, and is precisely adapted to the relief granted.

The complainant is entitled to an account and a decree against the defendants for the foreclosure and sale of the lot conveyed to Louisa Sine, to satisfy so much of the mortgage debt as the premises released will be insufficient to satisfy. A reference will be ordered to ascertain the amount due upon the mortgage and the value of the premises released.